THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACCAR INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MALIBU INTERNATIONAL LIMITED, a California corporation,<br><br>Defendant. | No. 2:09-cv-00477-RAJ<br><br>**MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>**(WITHOUT ORAL ARGUMENT)**<br><br>**NOTE ON MOTION CALENDAR: January 26, 2010** |

COMES NOW Plaintiff PACCAR Inc. ("Plaintiff" or "PACCAR"), by and though its attorney, Kenneth R. Davis II of Lane Powell PC, and respectfully moves the Court to enter default judgment and enter a permanent injunction in its favor and against Defendant Malibu International Limited ("Defendant") consistent with the relief sought by Plaintiff in the Complaint (doc. no. 1) in this matter and the proposed Default Judgment and Permanent Injunction submitted concurrently herewith.

## STATEMENT OF ISSUES

The issue before the Court is whether Plaintiff is entitled to entry of a default judgment and permanent injunction.

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT AND PERMANENT INJUNCTION
(No. 2:09-cv-00477-RAJ) - 1

709015.0001/826069.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

1

**EVIDENCE RELIED UPON**

This motion is based upon the Order of Default (doc. no. 11), the supporting Declaration of Kenneth R. Davis II ("Davis Decl."), and the proposed default judgment, filed concurrently herewith, and the pleadings and materials filed with the Court in this action.

**VENUE AND JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a).

**BACKGROUND AND ARGUMENT**

**A.    Plaintiff is Entitled to Entry of a Default Judgment in its Favor and Against Defendant.**

This is a civil case seeking damages and injunctive relief for trademark infringement. The Complaint in this matter was filed on April 4, 2009.  Defendant was served with true and accurate copies of the properly issued Summons and Complaint though personal service upon its president, Bernadette Allen, on August 2, 2009, and through service via U.S. mail to Ms. Allen on August 5, 2009.  Service of the Summons and Complaint upon Defendant was further perfected through the California Secretary of State.  (Davis Decl. ¶ 2).

Defendant failed to appear, answer, or otherwise respond to the Summons and Complaint.  (*Id.*).  Pursuant to Fed. R. Civ. P. 55(a), an Order of Default was entered on December 23, 2009 (doc. no. 11).  Fed. R. Civ. P. 55(b) entitles a plaintiff to judgment after entry of a default order without further notice to the defendant.  "In general, once a defendant has been adjudged to be in default, he is not entitled to notice of subsequent pleadings." *Corner v. Universal Utilities*, 105 Wn.2d 168, 172 (1986) (citing *Pederson v. Klinkert*, 56 Wn.2d 313 (1960)).  "Due process allows entry of a default judgment without further notice * * * because the complaint provides him with sufficient notice to make an intelligent decision to appear or default." *Id.* at 851-52.  Nonetheless, the present motion has been served via U.S. mail to Defendant's president, Bernadette Allen.

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT AND PERMANENT INJUNCTION
(No. 2:09-cv-00477-RAJ) - 2

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

**B.**     **Plaintiff is Entitled to a Money Judgment Recovering Its Attorneys' Fees and Costs in the Amount of $12,022.80.**

The Court should award attorneys' fees and costs in this matter.  Courts award attorneys' fees under the Lanham Act in "exceptional cases," 15 U.S.C. § 1117(a), which exists if a defendant's infringement is willful.  *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (attorneys' fees were appropriate on motion for default judgment where the plaintiff pled willful trademark infringement).  Cases are also exceptional where a defendant has defaulted or otherwise failed to appear.  *Johnson v. Connolly*, No. C06-6414, 2007 WL 1151004, at *3 (N.D. Cal. April 18, 2007) ("[A] case may also be deemed 'exceptional'-and merit an award of attorney fees under the Lanham Act-when a defendant disregards the proceedings and does not appear.") (awarding attorneys' fees on motion for default in trademark infringement matter); *see also Taylor Made Golf Co., Inc. v. Carsten Sports Ltd.*, 175 F.R.D. 658, 663 (S.D. Cal. 1997).  Here, Plaintiff has pled willful infringement and Defendant has defaulted on Plaintiff's lawsuit.  (Complaint ¶¶ 24, 29, 39).  Further, the willfulness of Defendant's infringement is evidenced by virtue of the fact that Defendant continued and/or continues to market and/or sell, without license, replica, scale model trucks under trademarks and/or trade dress that are obvious knock offs of models manufactured and sold by Plaintiffs, as displayed below:

<u>PACCAR Models:</u>

 

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT AND PERMANENT INJUNCTION
(No. 2:09-cv-00477-RAJ) - 3

709015.0001/826069.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Defendant's Knock-Offs:

 

Accordingly, the Court should award Plaintiff its attorneys' fees and costs in this matter in the amount of $12,022.80. Such fees and costs are set forth in the Davis Decl. ¶ 5, Ex. A. For purposes of the present default Plaintiff does not seek to recover monetary damages other than attorneys' fees via default judgment. However, should further litigation be required, Plaintiff reserves the right to preserve all such damages properly recoverable, including an additional award of attorneys' fees.

**C.    Plaintiff is Entitled to Entry of a Permanent Injunction in its Favor and Against Defendant.**

Plaintiff respectfully moves the Court for entry of a permanent injunction in its favor and against Defendant, consistent with the relief sought by Plaintiff in the Complaint filed in this action, Plaintiff moves this Court for an Order permanently enjoining Defendant from marketing and/or selling without license, replica, scale model trucks, or other goods under trademarks and/or trade dress that are confusingly similar to Plaintiff's trademarks and/or trade dress (the "PACCAR Marks"), including, but not limited to the model trucks as depicted at the top of this page.

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT AND PERMANENT INJUNCTION
(No. 2:09-cv-00477-RAJ) - 4
709015.0001/826069.1

Plaintiff moves this Court for an Order:

1.       That Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or in participation with Defendant, and each of them, be enjoined preliminarily and permanently from:

a.       using the PACCAR Marks, or any copy, reproduction, colorable imitation, or simulation of the PACCAR Marks on or in connection with Defendant's goods or services;

b.       using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, trade dresses, service marks, names, or logos of PACCAR;

c.       using any trademark, trade dress, service mark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by PACCAR or are sponsored or authorized by or in any way connected or related to PACCAR;

d.       using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, names, or logos of PACCAR; and

e.       passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of PACCAR, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

2.       That Defendant be ordered to recall all products bearing the PACCAR Marks, or any other confusingly similar mark or dress, which have been shipped by Defendant or

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT AND PERMANENT INJUNCTION
(No. 2:09-cv-00477-RAJ) - 5

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

1   under its authority to any customer, including, but not limited to, any wholesaler, distributor,

2   retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's

3   order as it relates to said injunctive relief against Defendant;

4        3.      That Defendant be ordered to deliver for impoundment and for destruction all

5   products, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books,

6   promotional material, stationery, or other materials in the possession, custody, or under the

7   control of Defendant that are found to adopt, infringe, or dilute any of the PACCAR Marks or

8   that otherwise unfairly compete with PACCAR and its products and services;

9        4.      That Defendant be compelled to account to PACCAR for any and all profits

10  derived by Defendant from the sale or distribution of infringing goods as described in this

11  Complaint;

12       5.      That PACCAR be awarded its reasonable attorneys' fees, disbursements, and

13  costs of this action pursuant to 15 U.S.C. § 1117, in the amount of $12,022.80; and

14       6.      That PACCAR be awarded such other and further relief as this Court deems

15  just and equitable.

16                                    **CONCLUSION**

17       The Order of Default was entered against Defendant on December 23, 2009.

18  (Davis Decl. ¶ 3) (doc. no. 11).  Accordingly, Plaintiff is entitled to entry of judgment and a

19  permanent injunction in its favor and against Defendant.  Plaintiff respectfully requests that

20  the Clerk grant the judgment in the form of the [Proposed] Default Judgment and Permanent

21  Injunction submitted concurrently herewith.

22       DATED:  January 26, 2010

23                              LANE POWELL PC

24

25                              By  /s/ Parna A. Mehrbani, WSBA No. 41631, for:
                                Kenneth R. Davis II, WSBA No. 21928
26                              Attorneys for Plaintiff PACCAR Inc.

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT AND PERMANENT INJUNCTION
(No. 2:09-cv-00477-RAJ) - 6

709015.0001/826069.1