HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACCAR INC.,

    Plaintiff,

  v.

MALIBU INTERNATIONAL LIMITED,

    Defendant.

CASE NO. C09-477RAJ

ORDER

This matter comes before the court on a motion for default judgment (Dkt. # 12) from Plaintiff PACCAR Inc. For the reasons stated below, the court GRANTS the motion in part and DENIES it in part. The court directs the clerk to enter judgment, including a permanent injunction, in accordance with this order, and to DISMISS this action with prejudice.

PACCAR makes big trucks, including big rigs sold under the Peterbilt and Kenworth trademarks. Defendant Malibu International Limited ("Malibu") makes small trucks that are scale models of various Peterbilt and Kenworth trucks. Malibu once had a license to produce the replicas. It does not have a license any more. Nonetheless, Malibu continues to sell the same replicas, except that it has removed the Peterbilt and Kenworth trademarks. Malibu's unlicensed sales are the subject of PACCAR's complaint, whose allegations the court must accept as true in light of the clerk's entry of default against Malibu on December 23, 2009.

ORDER – 1

When considering a motion for default judgment, a court accepts all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) ("Clearly, the decision to enter a default judgment is discretionary."). The court may also "conduct hearings or make referrals" to "establish the truth of any allegation by evidence," or "investigate any other matter" relevant to the request for default judgment. Fed. R. Civ. P. 55(b)(2); *see also* Local Rules W.D. Wash. CR 55(b)(2) ("The court may conduct such hearing or inquiry upon a motion for entry of judgment by default as it deems necessary under the circumstances of a particular case.").

The allegations of PACCAR's complaint are sufficient to establish that Malibu's replicas infringe PACCAR's protected trade dress and that they dilute PACCAR's trademarks. PACCAR does not seek damages in its motion, but does seek its attorney fees. The complaint alleges that the trade dress infringement and trademark dilution was willful. This is a sufficient basis for decreeing this case to be "exceptional" within the meaning of the Lanham Act, 15 U.S.C. § 1117(a), which is in turn a sufficient basis for awarding attorney fees. *Derek Andrew, Inc. v. Poff Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008). PACCAR's counsel has provided evidence that PACCAR's reasonable attorney fees were $10,995.50. He has also provided evidence that PACCAR incurred $1027.30 in compensable costs.

PACCAR's complaint is also a sufficient basis for a permanent injunction barring further infringement of its trade dress or dilution of its trademarks. The standard for a permanent injunction "is essentially the same" as the standard for preliminary injunctive relief. *Amoco Production Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987); *see also Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 381 (2008)

ORDER – 2

1  (noting that a judge considering a permanent injunction must balance equities and
2  consider public interest, just as if considering a preliminary injunction).  The key
3  difference is that a litigant seeking preliminary relief must demonstrate a likelihood of
4  success on the merits, whereas a litigant seeking a permanent injunction has already
5  succeeded on the merits.  *Amoco*, 480 U.S. at 546 n.12.  A permanent injunction, like a
6  preliminary injunction, is an extraordinary remedy.  *Weinberger v. Romero-Barcelo*, 456
7  U.S. 305, 313 (1982).  Even after a litigant has succeeded on the merits, "a federal judge
8  sitting as chancellor is not mechanically obligated to grant an injunction for every
9  violation of law."  *Id.*  Nonetheless, a presumption of irreparable harm arises from a
10 demonstration of trademark or trade dress infringement.  *Vision Sports, Inc. v. Melville
11 Corp.*, 888 F.2d 609, 612 n.3 (9th Cir. 1989).  In this case, the court finds that the equities
12 and the public interest support an injunction against further trade dress infringement or
13 trademark dilution.
14       Other requests in PACCAR's motion, however, are not so easily granted.  Among
15 them are requests that Malibu recall all of its infringing products from distribution
16 channels, and deliver any infringing products, packaging, promotional materials, or any
17 other infringing material to PACCAR.  PACCAR provides no support for these requests.
18 PACCAR offers neither evidence nor argument as to how widely Malibu's infringing
19 products are distributed or how many distributors and retailers would be affected by a
20 recall order.  The court will not order a recall that burdens third parties where PACCAR
21 has provided no evidence to permit the court to assess the feasibility or impact of a recall
22 order.  The court also declines to order Malibu to return infringing products and materials
23 to PACCAR.  The Lanham Act gives the court discretion to permit the seizure and
24 destruction of infringing goods, but does not mandate this approach.  15 U.S.C. § 1118.
25 Plaintiff has not cited any law regarding the court's authority to order the seizure of
26 Malibu's infringing products, and has given the court no facts to help it assess the
27 necessity for such an order.  Malibu may have non-infringing uses of the infringing
28 ORDER – 3

products and materials.  The court's injunction against further infringement suffices to protect PACCAR's interests in this regard.

Also unavailing is PACCAR's request for an injunction compelling Malibu to account for its profits from the sale of its infringing goods.  PACCAR apparently declined to obtain discovery to reveal Malibu's profits, even though the Federal Rules of Civil Procedure provide means for taking discovery from parties in default.  *See*, *e.g.*, *Hawkins v. AMA Mgmt., Ltd.*, No. C06-847P, 2007 U.S. Dist. LEXIS 96490, at *4-5 (W.D. Wash. 2007).  Now, despite seeking a final judgment on its claims, and explicitly declining to seek monetary damages, PACCAR purports to "reserve the right to preserve all damages properly recoverable . . . ."  Mot. at 4.  The court need not decide the legal validity of PACCAR's belief that it can seek monetary damages for the conduct described in its complaint in a subsequent lawsuit, while seeking only attorney fees and injunctive relief in this lawsuit.  That will be a matter for another court.  For present purposes, it suffices to say that the court will not, as part of the relief in this lawsuit, force Malibu to provide information for PACCAR's next lawsuit.  The court accordingly denies PACCAR's motion to the extent it seeks to compel an accounting of Malibu's profits.

For the reasons stated above, the court GRANTS PACCAR's motion for default judgment (Dkt. # 12) in part, and DENIES it in part.  The court directs the clerk to DISMISS this action with prejudice, and to enter judgment for PACCAR in accordance with this order.

DATED this 10th day of March, 2010.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4